LEOPOLDO JOSÉ EULOGIO VÁZQUEZ PRADA Y LÓPEZ, Plaintiff and Appellant, *v.* LORENZO MARTINÓ Y GONZÁLEZ, Defendant and Appellee.

No. 6613. Argued March 5, 1934.—Decided March 9, 1934.
Rehearing denied March 21, 1934.

The appellant appeared by brief. *Dubón & Ochoteco* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an appeal taken from a judgment rendered by a district court in a case originally brought before a municipal court, wherein the appellee moves for the dismissal of the appeal because notice of the judgment was served on the appellant on January 8, 1934, and the latter failed to file his notice of appeal until the 6th of the following February, that is, after the period of 15 days granted by law for taking an appeal in such cases had already expired.

Attached to the motion there is a certificate issued by the clerk of the district court which in its pertinent part reads as follows:

"That on January 8, 1934, judgment was rendered in the above-entitled case by this District Court for the Judicial District of Bayamón, P. R., and by virtue thereof the amended complaint was dismissed on the merits. Said judgment was served on the plaintiff on the same date—January 8, 1934—and the notice of appeal from said

judgment was filed by the plaintiff in the office of the Clerk of this Court on February 6, 1934."

As a judgment rendered on appeal by a district court is involved, there is no question that the period for further appealing is fifteen days. Section 295, paragraph 2, Code of Civil Procedure, 1933 edition, p. 139.

The appellant so admits, but he argues, in opposition to the motion to dismiss, that when his appeal was taken the term had not expired, because said period begins to run from the filing of the notice of judgment, and neither from the motion nor from the certificate attached thereto does it appear when the same was filed, the fact being that no such notice had been filed.

The appellant is right. The same question was decided in the case of *Delgado* v. *Márquez Díaz,* 37 P.R.R. 127, 129, as follows:

"On the 13th of April the appellee moved for dismissal of the appeal on the ground that it had been taken after the expiration of the statutory period. The appellant objected, alleging that the time for appealing had not expired because of failure to file with the record the notices of the orders appealed from and the time begins to run from the filing of such notices. On May 9th the parties were heard on the motion.

"The question involved in this case has been debated on several occasions by this court. See *Cruz et al.* v. *Heirs of Jiménez,* 32 P.R.R. 767, and the concurring opinion of Mr. Justice Wolf on page 774.

"In the case of *Del Rosario* v. *Allende,* 33 P.R.R. 733, it was held in the opinion delivered by Mr. Justice Wolf—

" 'That the mere addition to the record of a dated certificate not signed by the clerk to the effect that on that day a copy of the notice of judgment was sent to the party cast does not constitute the due filing of the notice of judgment from which the time for appealing begins to run according to section 2 of the Act of 1911.'

"Can the notes of the clerk as quoted take the place of the filing of the notice with the record? It is not possible; the law is explicit. It provides that the clerk shall mail 'a written notice to the losing party when the judgment from which the appeal may be taken is

rendered, notifying him of the rendition of the judgment or the action of the court, *and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers.*"

"It is incomprehensible that a statute so explicit and of such importance to the parties should not be complied with by the proper officials. The parties, by their attorneys, should see to it that the law is complied with, for as said in the concurring opinion in *Cruz et al.* v. *Heirs of Jiménez,* supra, 'The beginning of a limitation on the right to appeal is strictly construed in favor of the appellant. 3 C. J. 1059 et seq., citing, among others, California and Louisiana cases.' "

See also *Bianchi* v. *Bianchi,* 45 P.R.R. 732, where the doctrine of the *Delgado* case, *supra,* was cited and applied.

In his oral argument the appellee maintained that it must be presumed that the clerk performed his official duty. However, as the appellant has raised the question and the dismissal of the appeal has been requested on the ground that the time for appealing has elapsed, the party moving to dismiss must place before the court the exact ground on which the question raised is to be decided. The certificate attached to the motion is insufficient. It is not enough that it state when the judgment was served on the losing party. It is necessary that it set forth when the notice of judgment was filed with the record, as it is from that date that the time for taking the appeal begins to run.

ON MOTION FOR REHEARING

March 21, 1934

Mr. Chief Justice Del Toro delivered the opinion of the court.

On the 9th of this instant March, a motion to dismiss the appeal taken in this case was overruled, as appellee failed to show when the notice of the judgment was filed with the record of the case, from which date the time for appealing begins to run in accordance with the law.

298

The appellee now presents a "motion for reconsideration," accompanied by a certificate from the clerk of the district court showing the omitted data. As we have had this same question before us on other occasions, it seems advisable to remember that reconsideration lies when the reasoning followed in rendering the judgment or order in question was erroneous or when the facts of the case as they appeared of record at the time of the rendition of said judgment or order were not duly weighed, but not by virtue of new facts subsequently adduced, as it happens here.

The facts that were before this court on March 9 were not unduly weighed and the law and the jurisprudence were correctly applied. What should be done is not to reconsider, but to confirm. The proper procedure for the appellee to follow is to present a new motion to dismiss the appeal, accompanied by the new evidence obtained, said motion to be dealt with in conformity with the law and the rules of this court, and decided in due course on its merits.

The motion for reconsideration will be denied.